**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5123

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE RAMON ALMONTE, a/k/a Rana, a/k/a Esteban,
a/k/a Jose B. Almonte,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Senior
District Judge. (3:03-cr-00231)

Submitted: December 21, 2006          Decided:  December 28, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

E. Fitzgerald Parnell, III, POYNER & SPRUILL LLP, Charlotte, North
Carolina, for Appellant.  Kevin Zolot, OFFICE OF THE UNITED STATES
ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Jose Ramon Almonte pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced Almonte to 121 months in prison, one month above the mandatory minimum sentence. Almonte timely appealed.

Almonte's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asserting two claims. First, counsel questions whether Almonte's trial counsel was ineffective for permitting him to enter a plea agreement under which he waived his right to appeal his sentence. Such claims generally must be raised in the district court in a motion under 28 U.S.C. § 2255 (2000), unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show that counsel was ineffective, we decline to address this claim at this time.

Almonte's counsel also asserts that the mandatory minimum sentence required by 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2006) is unconstitutional. Although the Supreme Court has recognized criticism of mandatory minimum sentences, it has not

found such sentences to be unconstitutional. <u>Harris v. United States</u>, 536 U.S. 545, 568-69 (2002).

We have reviewed the issues raised in Almonte's pro se supplemental briefs and find them to be meritless. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Almonte's conviction and sentence. This court requires that counsel inform Almonte, in writing, of the right to petition the Supreme Court of the United States for further review. If Almonte requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Almonte.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>